**SHAUCET, Plaintiff-Appellant, v. DAVIS et, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 5215. Decided February 8, 1955.

Ray E. Hughes, Columbus, for plaintiff-appellant.

Walter R. Hill, Columbus, for defendants-appellees, Bessie Davis and Martha F. Hill.

## OPINION

By THE COURT.

This is a motion filed by the defendants-appellees, Bessie Davis and Martha F. Hill, seeking an order dissolving a restraining order issued by the Court of Common Pleas enjoining the Clerk of said Court and the Clerk of the Municipal Court from paying over to the said appellees certain sums of money in their possession as proceeds of supersedeas bonds given by the appellees Davis and Hill to secure the payment for any damages appellant might suffer for the wrongful withholding of certain real estate which was the subject of a forcible detention action filed in the Municipal Court and then appealed to the Common Pleas Court. The appellant herein was successful in this action. She then brought the present action for damages for the wrongful withholding by the appellees, but a judgment was returned in their behalf. The action is now pending in this Court on appeal on questions of law. The bond was issued for the protection of this appellant in the forcible detention action and since there has been no final determination of the amount of damages, if any, which she has sustained, the bond should not be released. The appellees Davis and Hill contend the restraining order was issued contrary to law, which we do not think is supported by the record.

The motion will be overruled.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.

**SHAUCET, Plaintiff-Appellant, v. DAVIS et, Defendants-Appellees.**

No. 5215. Decided March 17, 1955.

## OPINION

By THE COURT.

This is an application for a rehearing on the appellee's motion to dismiss a restraining order issued by the Common Pleas Court. No error can be assigned to an order overruling such a motion in the Common Pleas Court for no such order was ever made. A motion to dismiss the restraining order was made but the same was never pressed for hearing. Therefore, we are asked to exercise original jurisdiction in this matter.

Under **Article IV, Section 6, of the Ohio Constitution** this Court may exercise original jurisdiction only in the five extraordinary remedies and appellate jurisdiction in all others, to wit:

"The courts of appeals shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo, and such jurisdiction as may be provided by law to review, affirm, modify, set aside, or reverse judgments or final orders of boards, commissions, officers, or tribunals, and of courts of record inferior to the court of appeals within the district, * * *."

The application will be denied.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.